UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ, Booking #14745493,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM GORE, et al.,<br><br>Defendants. | Case No.  3:22-cv-0564-LAB-MDD<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [Dkt. 2]**<br><br>**AND**<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Pedro Rodriguez, a former state prisoner who is currently detained at the San Diego Central Jail ("SDCJ") is proceeding pro se and has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* Compl. ECF No. 1. Rodriguez did not prepay the civil filing fee required to commence a civil action at the time he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

Rodriguez seeks to sue former San Diego County Sheriff William Gore, the County of San Diego itself, and a correctional officer at the George Bailey Detention Facility

("GBDF") for violating his Eighth Amendment rights. *See* Compl. at 4-14. He seeks a declaratory judgment and $1 million in compensatory damages. *Id.* at 10-11.

## I.   Motion to Proceed IFP

### A.   Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Rodriguez, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless she faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.   Discussion

Rodriguez's Complaint alleges that the events that give rise to this action occurred at the GBDF in which he generally claims he was "injured" by a correctional officer assigned to GBDF. *See* Compl. at 4. However, at the time Plaintiff filed this action he was housed at a different facility, the SDCJ. *See id.* at 1. Therefore, Plaintiff does not allege that, at the time he filed the action, he was in "imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. The Court takes judicial notice of federal court docket proceedings available on PACER[1] and finds

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those

that Plaintiff Pedro Rodriguez, currently identified under Booking No. 14745493, and previously identified as CDCR Inmate #BC-6583, while incarcerated, has had five prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1) *Rodriguez v. Robinson, et al.*, Civil Case No. 3:14-cv-02770-LAB-WVG (S.D. Cal. Jan. 16, 2015) (Order Granting Motion to Proceed IFP and Dismissing Complaint for failing to state a claim) (ECF No. 4) (strike one);

(2) *Rodriguez v. Mitchell, et al.*, Civil Case No. 3:14-cv-02708-GPC-WVG (S.D. Cal. Feb. 18, 2015) (Order granting Motion to Proceed IFP and Dismissing Complaint for failing to state a claim) (ECF No. 4) (strike two);

(3) *Rodriguez v. Stall, et al.*, Civil Case No. 3:14-cv-02646-LAB-DHB (S.D. Cal. Apr. 23, 2015) (Order Dismissing First Amended Complaint for failing to state a claim) (ECF No. 11) (strike three);

(4) *Rodriguez v. Greco, et al.*, Civil Case No. 3:15-cv-02040-DMS-JLB (S.D. Cal. Jan. 15, 2016) (Order Dismissing Second Amended Complaint for failing to state a claim) (ECF No. 13) (strike four); and

(5) *Rodriguez v. Pierce, et al.*, Appeal No. 16-55150 (9th Cir. July 19, 2016) (Order denying IFP on appeal based on frivolousness) (Dkt. No. 14); (9th Cir. Aug. 25, 2016) (Order dismissing appeal for failing to perfect appeal) (Dkt. No. 16) (strike five). [2]

Because Rodriguez has accumulated more than three "strikes" while incarcerated

---

proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

[2] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Conclusion and Order

For the reasons set forth above, the Court:

(1)     **DENIES** Rodriguez's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2)     **DISMISSES** this civil action without prejudice based on Rodriguez's failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a);

(3)     **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to pay the entire $402 civil filing and administrative fee in full. If Plaintiff fails to either prepay the $402 civil filing fee, this action will be dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements.[3]

**IT IS SO ORDERED**.

Dated: May 13, 2022

Hon. Larry Alan Burns
United States District Judge

---

[3] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $402 civil filing fee, his Complaint will be screened before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b), regardless of whether he pays the full $402 filing fee. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").